IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DEXTER BROOKS,

      Plaintiff,                              No. CIV S-06-2766 LKK EFB P

     vs.

T. FELKER,

      Defendant.                        FINDINGS AND RECOMMENDATION

                            /

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He has filed a motion for a temporary restraining order and a preliminary injunction. For the reasons explained below, the court finds that the request is moot and recommends that it be denied.

      A preliminary injunction represents the exercise of far reaching power never to be indulged except in a case clearly warranting it, *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).

////

To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Plaintiff seeks an order enjoining defendant T. Felker from forcing him to share a cell with another prisoner and directing T. Felker to transfer him to a prison where he has regular opportunities for outdoor exercise. Plaintiff is no longer confined at Folsom State Prison and an injunction directed at Felker would enjoin nothing of consequence. Thus, it appears that this motion is moot. A matter is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). On January 8, 2007, the court received notice that plaintiff has been transferred from High Desert State Prison to the Robert Presley Detention Center. Defendant T. Felker has not been shown to be the warden at the detention center or to have any influence over the conditions of plaintiff's confinement there. The court therefore cannot order the defendant to do the things plaintiff requests. Accordingly, to continue pursuing this motion, plaintiff must allege the condition is "capable of repetition, yet evading review." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). He may do this by showing that the challenged action is of a duration too short to be fully litigated prior to its cessation and there is a reasonable expectation that the same

complaining party will be subjected to the same action again. *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985). However, even if plaintiff clears this hurdle, he must show that T. Felker is actively involved in the current allegedly unconstitutional conditions. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65).

Accordingly, the undersigned will recommend that plaintiff's December 8, 2006, motion for preliminary injunction be denied without prejudice. If plaintiff later renews the motion as to T. Felker, plaintiff must demonstrate that the conditions of which he complains are capable of repetition yet evading review and that T. Felker may be properly enjoined under Rule 65. The instant motion fails to establish either.

Accordingly, it is hereby RECOMMENDED that plaintiff's December 8, 2006, motion for preliminary injunction be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 10, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3